PHILLIP A. TALBERT
United States Attorney
MICHEAL TIERNEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile (559) 497-4099

Attorney for Plaintiff,
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA.<br><br>Plaintiff,<br><br>v.<br><br>SHANA GAVIOLA, and<br>JULIO SANDOVAL<br><br>Defendant's. | CASE NO.: 1:22-CR-00233-JLT-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>DATE; October 5, 2022<br>TIME:  1:00 p.m.<br>COURT:  Honorable Sheila K. Oberto |

## BACKGROUND

This case is set for status conference on October 5, 2022.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020…with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7

(E.D. Cal. May 13, 2020).  This, previous, and subsequent General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trail Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161 (h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id*. at 509; *see also United States v. Ramirez-Cortez*, 219 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the speedy Trail Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161 (h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week end -of justice continuance following Mr. St. Helens' eruption.  *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption created "appreciable difficulty" for the trial to proceed.  Id. at 767-69; see also United States v. Correa, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing Furlow to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v.*

*Olsen,* -- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charged a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In lights of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161 (h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and though its counsel of record, and Defendant, by and through Defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status conference on October 5, 2022.
2. By this stipulation, Defendant now moves to continue the status until January 18, 2023, and to exclude time between October 5, 2022, and January 18, 2023, under 18 U.S.C. § 3161 (h)(7)(A), B(iv) [Local Code T4].
3. The parties agree and stipulate, and request that the Court find the following:

    a)  The government has represented that the discovery associated with this case includes body camera footage, police reports, cell phone extraction, photographs, and other evidence.  All this discovery is being produced directly to counsel and/or made available for inspection and copying.

    b)  Counsel for Defendant desires additional time to review the discovery, conduct

independent investigation, consult with his client, and pursue a pre-trial resolution of the case.

    c)  Counsel for Defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d)  The government does not object to the continuance.

    e)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 30, 2022 to January 18, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161 (h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at Defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial.

    f)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    g)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 5, 2022, to January 18, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161 (h)(7)(A), B(i) and (ii) [Local Code T4] because the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section and it results from a continuance granted by the Court at Defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of

the Speedy Trial Act dictate that additional time periods are excludable from period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  September 27, 2022,          PHILLIP A. TALBERT
                                     United States Attorney


                                     /s/ Michael Tierney
                                     MICHEAL TIERNEY
                                     Assistant United States Attorney

Dated:  September 27, 2022,          /s/ Anthony P. Capozzi
                                     ANTHONY P. CAPOZZI, Counsel for
                                     Defendant Shana Gaviola

Dated:  September 27, 2022,          /s/ Griffin M. Estes
                                     GRIFFIN M. ESTES, Counsel for
                                     Defendant Julio Sandoval


## ORDER

IT IS SO ORDERED that the status conference is continued from October 5, 2022, to January 18, 2023, at 1:00 p.m. before Magistrate Judge Sheila K. Oberto.  Time is excluded pursuant to 18 U.S.C. § 3161 (h)(7)(A), B(iv).

IT IS SO ORDER.

Dated: 9/30/2022                     *Sheila K. Oberto*
                                     Hon. Sheila K. Oberto
                                     United States Magistrate Judge