# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SHANA GAVIOLA,<br><br>  Defendant. | Case No.  1:22-cr-00233 JLT SKO<br><br>ORDER DENYING DEFENDANT GAVIOLA'S MOTION FOR DISQUALIFICATION<br><br>(Doc. 168) |

Ms. Gaviola seeks disqualification of the undersigned because the Court, in an unrelated case, recused itself. (Doc. 168) Her counsel, Mr. Pallas, speculates that the reason for the recusal in the other, unrelated action was because he became appellate counsel for this other, unrelated defendant.[1] *Id*. at 2-3. Relying on this logic, seemingly then, the March 3, 2025, order of the Ninth Circuit Court of Appeals issued days after his appearance, must have been issued merely because Mr. Pallas entered an appearance in the appeal. Just as that conclusion is based on faulty logic, so too is the logic that suggests that this Court acted to recuse itself because of him.

To the contrary, the undersigned was unaware that Mr. Pallas was appellate counsel in the other, unrelated matter, until Ms. Gaviola's current filing. Indeed, the motion makes no effort to

---

[1] Counsel suggests that the only thing that happened before the Court recusing itself was his appearance in the action. Oddly, he ignores the obvious—a few days after he appeared, the Ninth Circuit granted a stipulation, which instructed this Court to take action. (Doc. 168 at 2-3) It was only after that order by the Ninth Circuit Court of Appeals did the Court recuse itself.

1  suggest how the Court would have become aware of Mr. Pallas' representation of the unrelated
2  defendant at the time it recused itself. To the contrary, the Court had never heard of Mr. Pallas or
3  his firm before he substituted into *this* case in July 2025 (Doc. 123). Even then, the Court was
4  aware only that Mr. Pallas was one of hundreds of out-of-town attorneys who appear in this court.
5  Now knowing that Mr. Pallas is appellate counsel in the other unrelated matter, still, the Court has
6  no interest, opinion or feeling in the least as to that representation or his representation in this
7  case.

8  The Court is not obligated to state it reasons for recusal in any case, but it will state that
9  it's recusal in the other, unrelated matter had nothing whatsoever to do with Mr. Pallas, about
10 whom the Court has/had no information or knowledge. Ms. Gaviola's filing raises no grounds[2]
11 that would give rise to the need for disqualification; rather, it borders on being frivolous if not, in
12 fact, frivolous. Thus, the Court is duty-bound not to disqualify itself. The motion (Doc. 168) is
13 **DENIED.**

15 IT IS SO ORDERED.

16 Dated:   **October 3, 2025**                                  /s/ Jennifer L. Thurston
                                                                 UNITED STATES DISTRICT JUDGE

---

[2] Though the filing suggests a that 28 U.S.C. § 455(b) provides an alternate basis for recusal, Ms. Gaviola fails to discuss which of the five subsections apply. The Court knows of none that apply.

2