1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10
11

UNITED STATES OF AMERICA,

Case No.: 1:22-cr-00233 JLT SKO

12

Plaintiff,

13

v.

PRELIMINARY JURY INSTRUCTIONS

14

SHANA GAVIOLA and JULIO
SANDOVAL,

15
16

Defendants.

17

The jury instructions attached hereto were read to the jury in open court.

18
19

Dated:  October ____, 2025

20
21

KEITH HOLLAND, CLERK OF THE COURT

22
23

By: _____

24

I.M., Deputy Clerk

25
26
27
28

INSTRUCTION NO. 1

DUTY OF JURY

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

1

INSTRUCTION NO. 2

THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendants Shana Gaviola and Julio Sandoval with interstate violation of a protection order, in violation of 18 U.S.C. § 2262(a)(2), and aiding and abetting that crime in violation of 18 U.S.C. § 2.

The charges against the defendants are contained in the indictment. The indictment simply describes the charges the government brings against the defendants. The indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants have the right to remain silent and never have to prove innocence or present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case:

1. There was a protection order that prohibited or provided protection against violence, threats, or harassment against, contact or communication with, or physical proximity to, another person;

2. The defendants caused that other person to travel in interstate commerce;

3. The defendants caused such travel by force or fraud; and

4. In the course of, as a result of, or to facilitate such conduct or travel, the defendants engaged in conduct that violated the protection order or that would violate the protection order in the jurisdiction in which the order was issued.

To "aid and abet" means intentionally to help someone else commit a crime. The elements of aiding and abetting are:

1. Someone else committed an interstate violation of a protection order;

2. The defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of interstate violation of a protection order;

2

1    3.    The defendant acted with the intent to facilitate interstate violation of a protection

2 order; and

3    4.    The defendant acted before the crime was completed.

INSTRUCTION NO. 3

UNCHARGED OFFENSES

You are here only to determine whether the defendants are guilty or not guilty of the charges for which you are instructed. The defendants are not on trial for any conduct or offense not charged otherwise.

INSTRUCTION NO. 4

SEPARATE CONSIDERATION FOR EACH DEFENDANT

Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against another defendant. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

INSTRUCTION NO. 5

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits received in evidence; and

(3)    any facts to which the parties have agreed.

INSTRUCTION NO. 6

WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by the lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by the lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court is not in session is not evidence even if what you see or hear is done or said by one of the parties or by one of the witnesses. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 7

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

INSTRUCTION NO. 8

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things
    testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicts the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of

witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 9

RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and another lawyer thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 10

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the trial.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, X (formerly known as Twitter), Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the Court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research,

such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in Court. Witnesses here in Court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in Court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the Court immediately.

INSTRUCTION NO. 11

NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions, or arguments, let me know by calling out or raising your hand so that I can correct the problem.

INSTRUCTION NO. 12

TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury deliberation room. No one will read your notes.

Whether you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

INSTRUCTION NO. 13

OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendants may cross-examine. Then, if a defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

INSTRUCTION NO. 14

BENCH CONFERENCES AND RECESSES

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTION NO. 15

CAUTIONARY INSTRUCTIONS

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that after you leave here for the night, you must not conduct any independent research about this case, the matter in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the Court's staff at the next break. Thank you for your careful adherence to my instructions.

18

**[REMAINING INSTRUCTIONS MAY BE GIVEN**

**DURING COURSE OF TRIAL, IF APPROPRIATE]**

INSTRUCTION NO. 16

STIPULATED TESTIMONY

The parties have agreed what [name of witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

INSTRUCTION NO. 17

STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

INSTRUCTION NO. 18

JUDICIAL NOTICE

I have decided to accept as proved the fact that [*insert fact noticed*], even though no evidence was presented on this point [,] [because this fact is of such common knowledge]. You may accept this fact as true, but you are not required to do so.

INSTRUCTION NO. 19

STATEMENTS BY DEFENDANT OR CODEFENDANT

You have heard testimony that a defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

19

INSTRUCTION NO. 20

EVIDENCE FOR LIMITED PURPOSE

You are about to hear evidence that [describe evidence to be received for limited purpose].

I instruct you that this evidence is admitted only for the limited purpose of [describe purpose]

and, therefore, you must consider it only for that limited purpose and not for any other purpose.

INSTRUCTION NO. 21

OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT

You [have heard] [are about to hear] evidence that a defendant committed other acts not

charged here. You may consider this evidence only for its bearing, if any, on the question of the

defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of

mistake, absence of accident, and for no other purpose. You may not consider this evidence as

evidence of guilt of the crime for which the defendant is now on trial.

INSTRUCTION NO. 22

IMPEACHMENT EVIDENCE—WITNESS

You have heard evidence that [*name of witness*], a witness, [*specify basis for

impeachment*]. You may consider this evidence in deciding whether or not to believe this witness

and how much weight to give to the testimony of this witness.

INSTRUCTION NO. 23

EYEWITNESS IDENTIFICATION

You have heard testimony of eyewitness identification. In deciding how much weight to

give to this testimony, you may consider the various factors mentioned in these instructions

concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may

also consider the following:

20

(1)  the capacity and opportunity of the eyewitness to observe the suspect based

upon the length of time for observation and the conditions at the time of

observation, including lighting and distance;

(2)  whether the identification was the product of the eyewitness's own

recollection or was the result of subsequent influence or suggestiveness;

(3)  any inconsistent identifications made by the eyewitness;

(4)  the witness's familiarity with the subject identified;

(5)  the strength of earlier and later identifications;

(6)  lapses of time between the event and the identification[s]; and

(7)  the totality of circumstances surrounding the eyewitness's identification.