George T. Pallas, #348694
**GEORGE T. PALLAS, P.A.**
2420 SW 22nd Street
Miami, FL 33145
Tel: (305)856-8580
Fax: (305)860-4828

Attorney for Defendant, SHANA GAVIOLA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) **1:22-cr-00233-JLT-SKO** |
| SHANA GAVIOLA, | ) |
| Defendant | ) |

# **MOTION TO DISMISS INDICTMENT FOR PROSECUTORIAL MISCONDUCT, DUE PROCESS VIOLATIONS, AND DISCOVERY VIOLATIONS**

Dated:  October 3, 2025                    Respectfully submitted,

                                    s/George T. Pallas
                                    GEORGE T. PALLAS

## MOTION TO DISMISS INDICTMENT FOR PROSECUTORIAL MISCONDUCT, DUE PROCESS VIOLATIONS, AND DISCOVERY VIOLATIONS

Defendant SHANA GAVIOLA, by and through undersigned counsel, respectfully moves this Court to dismiss the indictment with prejudice pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution, Federal Rules of Criminal Procedure 12(b)(1) and 16, and the Court's inherent supervisory power, based on the government's egregious prosecutorial misconduct, willful discovery violations, and denial of due process.

## STATEMENT OF FACTS

1. Defendant has been represented by counsel throughout these proceedings which have spanned approximately three (3) years.  Undersigned counsel entered his appearance for the Defendant on July 10, 2025.

2. During the pendency of this case, the lead federal prosecutor who indicted this case, had a chance, out-of-court encounter at a local bar with the Defendant in May 2023.  The fact that this encounter occurred, the substance of the conversation, including statements by the Defendant, without counsel present, to the AUSA and, subsequently, at the AUSA's urging, to an FBI Special Agent, were never disclosed in the discovery process.  There is a mention of it in a lengthy interview the

Defendant had with an online periodical in June of this year that was provided this summer.

3. The Defendant, who has been described by at least one government witness as attractive, was seated in the bar. The AUSA entered with a group and were seated. The AUSA saw defendant from afar, smiled, and defendant nervously smiled back. AUSA then leaves his seat and comes to where defendant is seated and asks, "Don't I know you from somewhere?" Defendant responds: "you have been trying to put me in jail for the last year." Even after the defendant clearly identified herself, discussion ensues including, *inter alia*, how AUSA learned from discovery where the defendant lives, that their kids go to the same school, and that it is "nothing personal" and that it is okay to talk as long as it is not about the case, etc. Defendant next goes to rest room. AUSA waits outside the restroom with an FBI agent on the phone. The FBI agent was the agent that served a search warrant at the Defendant's home at gunpoint. When she exits, AUSA hands his phone to Defendant and they talk briefly. Later, AUSA calls the defendant's then-attorney, hands phone again to Defendant, and they talk.

4. Upon learning that the individual was the defendant in this case, the prosecutor engaged in inappropriate conversation with Defendant outside the presence of her counsel, further exacerbating the situation by compelling the Defendant to speak with the FBI agent.

5. The government has willfully concealed these communications from the defense and this Court for the entire two-year pendency of this case. Immediately upon learning of them, counsel requested full disclosure but has yet to receive a response. In a conversation on September, 28, 2025, with the Chief of the Criminal Division, the government agreed only to remove the AUSA from the case but no other remedial action.

6. The extent of these undisclosed communications was only recently discovered by counsel through a telephone conversation with the AUSA on September 27, 2025, where he largely corroborated the events.

## LEGAL ARGUMENT

### I. THE GOVERNMENT'S *EX PARTE* COMMUNICATIONS WITH A REPRESENTED DEFENDANT VIOLATES DUE PROCESS AND CONSTITUTES PROSECUTORIAL MISCONDUCT

The prosecution's conduct violates fundamental principles of due process and constitutes egregious prosecutorial misconduct warranting dismissal with prejudice.

**A. Violation of the Right to Counsel**

The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right... to have the Assistance of Counsel for his defense." Once the right to counsel attaches, the government is ***prohibited*** from deliberately eliciting statements from a defendant outside the presence of counsel. *Massiah v. United States*, 377 U.S. 201 (1964); *Maine v. Moulton*, 474 U.S. 159 (1985); *United States*

v. *Henry*, 447 U.S. 264 (1980). In *United States v. Hammad*, 858 F.2d 834 (2nd Cir. 1988), the court emphasized that prosecutors cannot circumvent the attorney-client relationship through direct contact with represented parties. See also *United States v. Lopez*, 4 F.3d 1455 (9th Cir. 1993) (prosecutorial contact with represented defendant requires suppression of resulting evidence). Here, the prosecutor's decision to engage in conversations with Defendant after learning her identity, and to further facilitate FBI contact without counsel present, constitutes a deliberate circumvention of Defendant's constitutional right to counsel.

### B. Prosecutorial Misconduct

Federal prosecutors have a duty to ensure that defendants receive a fair trial. *Brady v. Maryland*, 373 U.S. 83 (1963). The Ninth Circuit has been particularly vigilant in addressing prosecutorial misconduct. In *United States v. Kojayan*, 8 F.3d 1315 (9th Cir. 1993), the court held that prosecutorial misconduct that undermines fundamental fairness requires dismissal.

The conduct here violates multiple ethical rules:

- **ABA Model Rule 4.2**: Prohibiting communication with represented persons
- **ABA Model Rule 3.3**: Duty of candor to the court
- **ABA Model Rule 3.8**: Special responsibilities of prosecutors

In *United States v. Friedman*, 909 F.2d 705 (9th Cir. 1990), the Ninth Circuit emphasized that prosecutors bear special obligations that exceed those of ordinary

advocates. The prosecutor's actions in this case constitute intentional misconduct that undermines the adversarial system and denies Defendant a fair trial.

## II. THE GOVERNMENT'S CONCEALMENT VIOLATES DISCOVERY OBLIGATIONS AND DUE PROCESS

### A. Brady Violations

Under *Brady v. Maryland*, the prosecution must disclose material evidence favorable to the defense. The Ninth Circuit has consistently held that prosecutorial concealment of material information violates due process. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Kiszewski*, 877 F.2d 210 (9th Cir. 1989). In *United States v. Deutsch*, 987 F.2d 878 (9th Cir. 1993), the court held that prosecutorial misconduct itself constitutes Brady material that must be disclosed. The government's concealment of these *ex parte* communications for two years constitutes a willful *Brady* violation under Ninth Circuit precedent. The undisclosed communications are material because they:

- Demonstrate prosecutorial misconduct
- Provide grounds for potential suppression of evidence
- Reveal improper investigative techniques
- Undermine the integrity of the prosecution

### B. Federal Rule 16 Violations

Federal Rule of Criminal Procedure 16 requires disclosure of material evidence. Prosecutors have a continuing duty to disclose under Rule 16. The government's

failure to disclose these communications violates Rule 16's continuing disclosure obligations.

### C. Giglio Implications

Under *Giglio v. United States*, 405 U.S. 150 (1972), the government must disclose evidence affecting the credibility of its witnesses. In *United States v. Agurs*, 427 U.S. 97 (1976), and *United States v. Wallach*, 979 F.2d 912 (2d Cir. 1992), courts have held that prosecutorial misconduct directly impacts witness credibility and must be disclosed. The prosecutor's misconduct directly impacts the credibility of both the prosecutor and the FBI agent involved.

### III. THE COURT'S SUPERVISORY POWER MANDATES DISMISSAL

Federal courts possess inherent supervisory power to dismiss prosecutions that violate fundamental fairness.  The Ninth Circuit has recognized this power in cases involving egregious government misconduct. *United States v. Restrepo*, 930 F.2d 705 (9th Cir. 1991). In *United States v. Chapman*, 524 F.3d 1073 (9th Cir. 2008), the Ninth Circuit held that dismissal with prejudice is appropriate when prosecutorial misconduct is so egregious that it undermines the integrity of the judicial process. This power is appropriately exercised when:

1. The government's conduct shocks the conscience

2. The violation is willful and deliberate

3. Less severe sanctions would be inadequate

4. The integrity of the judicial process is threatened

All four factors are present here. The prosecutor's deliberate *ex parte* contact with a represented defendant, followed by two years of concealment, shocks the conscience and threatens judicial integrity under Ninth Circuit standards.

## IV. ALTERNATIVE REMEDIES ARE INADEQUATE

### A. Suppression is Insufficient

While suppression of evidence obtained through these communications may be appropriate, it cannot cure the fundamental constitutional violations or restore the adversarial balance.

### B. Continuing Harm

The government's misconduct has:

- Compromised defense strategy and preparation
- Created an unfair informational advantage
- Undermined confidence in the judicial process
- Made a fair trial impossible

## V. DISMISSAL WITH PREJUDICE IS THE APPROPRIATE REMEDY

Circuit courts have reversed convictions for prosecutorial misconduct of similar magnitude. In *United States v. Barker*, 546 F.2d 940 (D.C. Cir. 1976), the court reversed a conviction where prosecutorial misconduct fundamentally compromised the defendant's right to a fair trial. See also *United States v. Morrison*, 449 U.S. 361

(1981); Dismissal with prejudice is warranted when prosecutorial misconduct creates such fundamental unfairness that no other remedy can cure the violation. Dismissal with prejudice is warranted because:

1. **Willful Conduct**: The violations were deliberate and sustained under *United States v. Thompson*, 287 F.3d 1244 (10th Cir. 2002)

2. **Prejudice**: Defendant has suffered substantial prejudice.

3. **Deterrent Effect**: Only dismissal will deter future misconduct per *United States v. Payner*, 447 U.S. 727 (1980) (supervisory power explained).

4. **Judicial Integrity**: The court's integrity requires dismissal under *United States v. Hasting*, 461 U.S. 499 (1983) (supervisory power of a court does not grant the power to overturn a conviction when the constitutional error was harmless beyond a reasonable doubt).

## **CONCLUSION**

The government's conduct in this case represents a fundamental breach of prosecutorial duty and constitutional requirements. The **deliberate** *ex parte* communications with a represented Defendant, followed by effectively two years of concealment, constitute egregious misconduct that cannot be cured through lesser sanctions.

The only appropriate remedy is dismissal of the indictment with prejudice.

WHEREFORE, Defendant respectfully requests that this Court:

1. GRANT this Motion to Dismiss;

2. DISMISS the indictment WITH PREJUDICE;

3. CONDUCT a hearing to uncover the full extent of prosecutorial misconduct;

4. GRANT such other relief as the Court deems just and proper.

    Respectfully submitted,

    GEORGE T. PALLAS, P.A
    FL Bar No.: 348694
    2420 SW 22nd Street
    Miami, FL 33145
    305-856-8580
    305-860-4828 FAX
    george@pallaslaw.com

    By:/s/ *George T. Pallas*
    GEORGE T. PALLAS, ESQ.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing.

    By:/s/ *George T. Pallas*
    GEORGE T. PALLAS, ESQ