THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SHANA GAVIOLA and JULIO SANDOVAL,<br><br>　　　　　　Defendants. | CASE NO. 1:22-cr-00233-JCC<br><br>ORDER |

　　　This matter comes before the Court on Defendant Shana Gaviola's motion (Dkt. No. 193) to vacate the recusal order entered in this matter (Dkt. No. 192) and to reinstate the portion of the order transferring this case to the Northern District of California (Dkt. No. 185). Having thoroughly considered the briefing and record, the Court DENIES Defendant's motion (Dkt. No. 193) as explained below.

　　　District Judge Thurston's order describes the allegations and charges in this case, along with its procedural history. (*See* Dkt. No. 185 at 1–2.) The Court will not repeat that information here (as relevant aspects are generally known and uncontested). Following the issuance of Judge Thurston's order, (Dkt. No. 185), Chief District Judge Troy Nunley *sua sponte* recused all Eastern District of California District and Magistrate Judges and vacated the portion of Judge Thurston's order transferring the case. (*See* Dkt. No. 192 at 2.) At the same time, Chief Judge Nunley referred the case to the Chief Circuit Judge for the Ninth Circuit Court of Appeals to

select a District Judge to sit by designation within the Eastern District of California and hear this matter. (*Id.*) Chief Judge Mary Murguia so designated, (*see* Dkt. No. 196); thus, Defendant's motion (Dkt. No. 193), and any related case-related matters fall to this Court.

In her motion, Defendant contends that Chief Judge Nunley improperly usurped Judge Thurston's authority in vacating the portion of Judge Thurston's order transferring the matter. (*See generally* Dkt. No. 193.) Fundamentally, Defendant contends that a Chief District Judge lacks the appellate authority necessary for such an order; rather, such authority is limited to administrative not adjudicative matters. (*See id.* at 7) But this argument misses the mark. Chief Judge Nunley recused the *entire Court* (not just Judge Thurston) in accordance with Canons 2 and 3 of the United States Judicial Code of Conduct, along with 28 U.S.C. § 455(a). (*See* Dkt. No. 192 at 2.) This is an administrative function.

Moreover, such actions are not unprecedented. In fact, this very jurist was designated to a matter in the Eastern District of California based on a prior District-wide recusal. *See United States v. Corral,* Case No. 3:22-cr-00048-JCC, Dkt. No. 4 (E.D. Cal. 2022). The Government cites other examples. (*See* Dkt. No. 195 at 5) (citing, *e.g.*, *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1240 (9th Cir. 2016) (District-wide recusal on a habeas petition); *In re Nettles*, 394 F.3d 1001, 1002 (7th Cir. 2005) (District-wide recusal on a criminal case involving bomb threat to federal courthouse)). Compare this to Defendant's briefing, which fails to cite a *single* instance where a reviewing court found a Chief's blanket recusal impermissible or otherwise improper. (*See generally* Dkt. Nos. 193, 197.) Granted, Defendant quibbles with the fit between the facts in the Government's cited cases and her own case. (*See* Dkt. No. 197 at 5–6.) But this is beside the point as Defendant also fails to cite *any* authority for the notion that 28 U.S.C. § 455(a), <u>when viewed through the lens of Canons 2 and 3</u>, does not empower a District's Chief to fashion *whatever* relief necessary to maintain both its actual and its appearance of independence.

At issue is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Clemens v. U.S. Dist. Ct. for C.*

*Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1501 (9th Cir. 1987)). And, given the facts here, namely that Assistant United States Attorney Michael Tierney was considered by all of the District's Judges for a United States Magistrate Judgeship (and ultimately selected), it would seem that, at least the appearance of the District's entire bench, *could* be questioned, given what transpired on May 25, 2023. (*See generally* Dkt. No. 186.) Certainly, Defendant has tried her best to make the argument that it should. (*See, e.g.*, Dkt. Nos. 177 at 155; 186 at 64, 159) (framing Mr. Tierney's actions as "prosecutorial misconduct"). Thus, out of an abundance of caution, some action was required.

And a visiting judge's designation *within* the District is not an inferior solution. Particularly here. First, this Court is, in fact, quite familiar with the local rules, practices, and customs, having recently presided over trial and other criminal proceedings. *See, e.g.*, *United States v. Thomas*, Case No. 1:23-cr-00074-JCC-BAM (E.D. Cal. 2023); *United States v. Olguin, Jr., et al.*, Case No. 1:24-cr-00159-JCC-BAM (E.D. Cal. 2024). Moreover, undoubtedly, keeping the case within this District rather than sending it to a new one is the fastest way to get to trial—an objective Defendant repeatedly claims to have in her moving papers. (*See* Dkt. No. 193 at 11, 197 at 9–10.)[1]

Finally, the most important issue: Defendant's constitutional rights. She argues that, by keeping the case here, and allowing the local U.S. Attorney's Office and FBI field office to remain involved, Defendant cannot get a fair trial. (*See* Dkt. Nos. 193 at 11, 196 at 9–10.) The Court is not convinced. It extensively reviewed the briefing and evidence presented to Judge Thurston, (Dkt. Nos. 177, 180, 186),[2] and concludes none of it supports the notion of *Brady* or

---

[1] This Court is ready and able commence trial in Fresno within Defendant's speedy trial window, which the Court understands ends December 16, 2025.

[2] This includes Defendant's testimony, along with that of Mr. Tierney, FBI Special Agent Alexxia Crow, and prior counsel, Anthony Capozzi. (*See* Dkt. No. 186 at 8–158.)

*Giglio* discovery violations,[3] constitutional violations,[4] or that dismissal (or another remedial measure) is warranted pursuant to the Court's supervisory powers.[5] Thus, the Court adopts Judge Thurston's reasoning, (*see* Dkt. No. 185 at 9–15), as its own.

No later than October 31, 2025, the parties shall meet and confer and provide the Court with a joint status report containing (a) a preferred and (b) an alternative trial date, along with (c) an updated estimate of trial days. Once received, the Court will issue a scheduling order. To note, the Court will not hold a separate trial confirmation hearing. Pre-trial submissions are largely complete. And any ministerial matters can be taken up the morning of trial.

Accordingly, Defendant's motion to vacate and reinstate (Dkt. No. 193) is DENIED.

It is so ORDERED this 27th day of October 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] *See Brady v. Maryland*, 373 U.S. 83 (1963); *Brady v. Maryland*, 373 U.S. 83 (1963).
[4] *See United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991) (applying the Fifth Amendment's Due Process Clause); *United States v. Rogers*, 751 F.2d 1074, 1077 (9th Cir. 1985) (addressing a defendant's Sixth Amendment's right to counsel).
[5] *See United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008) (discussing the court's supervisory powers).