1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,              Case No.: 1:22-cr-00233-JCC

12                    Plaintiff,

13        v.                                 JURY INSTRUCTIONS

14   SHANA GAVIOLA and JULIO
     SANDOVAL,
15
                     Defendants.
16

17        The jury instructions attached hereto were read to the jury in open court.

18

19   Dated:  December 8, 2025

20

21                                KEITH HOLLAND, CLERK OF THE COURT

22

23                                By:   /s/: Yee Vue
                                        Deputy Clerk
24

25

26

27

28

INSTRUCTION NO. 1

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    (1)   the sworn testimony of any witness; and

    (2)   the exhibits received in evidence.

INSTRUCTION NO. 3

WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, and what they may say in closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by the lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that I have instructed you to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court is not in session is not evidence even if what you see or hear is done or said by one of the parties or by one of the witnesses. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 4

LOST OR DESTROYED EVIDENCE

If you find that the government intentionally failed to preserve any of the following items of evidence that the government knew or should have known would be evidence in this case, you may infer, but are not required to infer, that this evidence was unfavorable to the government.

(1) A voicemail left by Julio Sandoval on Sunday, August 22, 2021, with the Fresno Police Department where he advised that he had more questions.

(2) A voicemail left by "a deputy in Missouri" on Sunday, August 22, 2021, with the Fresno Police Department "regarding custody issues."

(3) A voicemail left by Shana Gaviola on Sunday, August 22, 2021, with the Fresno Police Department "inquiring about CPS allegations that were mentioned to possibly Mr. Sandoval."

(4) Surveillance footage from the Gateway Ice Center on Saturday, August 21, 2021.

(5) Fresno Police Department Detective David Passmore's contemporaneous notes from his communications with Rodney McGee.

(6) Fresno Police Department Detective David Passmore's contemporaneous notes from his communications with Shana Gaviola, Julio Sandoval, and/or Robert Graves on Saturday, August 21, 2021.

(7) A voicemail left by Julio Sandoval on Tuesday, September 7, 2021, with the Fresno Police Department Detective David Passmore.

INSTRUCTION NO. 5

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 6

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of

1    witnesses who testify. What is important is how believable the witnesses were, and how much

2    weight you think their testimony deserves.

INSTRUCTION NO. 7

STATEMENTS BY DEFEDANT OR CODEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. 8

IMPEACHMENT EVIDENCE

You have heard evidence that Susan Reynolds, a witness, committed a crime of dishonesty. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

INSTRUCTION NO. 9

TRANSCRIPT OF RECORDING IN ENGLISH

You have heard recordings that have been received in evidence. Displayed to you while listening, was a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recordings are the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling.

INSTRUCTION NO. 10

CHARGE AGAINST DEFENDANT NOT EVIDENCE—

PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence. The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

INSTRUCTION NO. 11

DEFENDANTS' DECISION WHETHER TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that a defendant did not testify.

1

2                                   INSTRUCTION NO. 12

3                  INTERSTATE VIOLATION OF PROTECTION ORDER—COUNT ONE

4          The defendants are charged in Count One of the indictment with interstate violation of a

5   protection order, in violation of Section 2262(a)(2) of Title 18 of the United States Code.

6          For a defendant to be found guilty of this charge, the government must prove each of the

7   following elements beyond a reasonable doubt as to each defendant:

8          First, there was a protection order that prohibited or provided protection against violence,

9   threats, or harassment against, contact or communication with, or physical proximity to, another

10  person;

11         Second, the defendant knew there was a protection order that prohibited or provided

12  protection against violence, threats, or harassment against, contact or communication with, or

13  physical proximity to, another person;

14         Third, that the defendant caused the protected person to travel in interstate commerce,

15  which is travel between states;

16         Fourth, the defendant caused such travel by force, coercion, duress, or fraud; and

17         Fifth, in the course of, as a result of, or to facilitate such conduct or travel, the defendant

18  knowingly engaged in conduct that violated the protection order or that would violate the

19  protection order in the jurisdiction in which the order was issued.

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 13

REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. 14

AIDING AND ABETTING – 18 U.S.C. § 2(a)

A defendant may be found guilty of interstate violation of a protection order, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means to intentionally help someone else commit a crime. To prove a defendant guilty of interstate violation of a protection order by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone other than the defendant committed interstate violation of a protection order (as defined in the previous instruction);

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of interstate violation of a protection order;

Third, the defendant acted with the intent to facilitate interstate violation of a protection order; and

Fourth, the defendant acted before the crime was completed by the other person.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit interstate violation of a protection order.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION NO. 15

AIDING AND ABETTING – 18 U.S.C. § 2(b)

A defendant may be found guilty of the crime charged even if the defendant did not personally commit the acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him or her would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he or she had committed this element himself or herself.

INSTRUCTION NO. 16

WILLFULLY – DEFINED

To prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew there was a protection order that prohibited or provided protection against violence, threats, or harassment against, contact or communication with, or physical proximity to, another person, and that the defendant intentionally and voluntarily engaged in conduct that violated the protection order or that would violate the protection order in the jurisdiction in which the order was issued.

If the defendant acted on a good faith misunderstanding as to the requirements of the law, the defendant did not act willfully even if the defendant's understanding of the law was wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that the defendant was complying with the law.

17

INSTRUCTION NO. 17

KNOWINGLY – DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew their acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 18

VENUE

The Indictment alleges that some acts in furtherance of the crime charged occurred in the Eastern District of California. There is no requirement that all aspects of the crime charged take place here in the Eastern District of California. Before you may return a verdict of guilty, however, if that is your decision, the government must convince you that some act in furtherance of the crime charged took place in the Eastern District of California.

The Eastern District of California includes, among other counties, the counties of Fresno, Inyo, Kern, Kings, Madera and Tulare.

Unlike all the specific elements of the crime charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

INSTRUCTION NO. 19

SEPARATE CONSIDERATION OF SINGLE COUNT – MULTIPLE DEFENDANTS

A separate crime is charged against each defendant. The charges have been joined for trial. You must consider and decide the case of each defendant separately. Your verdict as to one defendant should not control your verdict as to any other defendant. All the instructions apply to each defendant unless a specific instruction states that it applies to only a specific defendant.

INSTRUCTION NO. 20

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in Court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

INSTRUCTION NO. 21

CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the Court immediately.

INSTRUCTION NO. 22

USE OF NOTES

     Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 23

JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the Court to decide. You may not consider punishment in deciding whether the government has proved its case against each defendant beyond a reasonable doubt.

INSTRUCTION NO. 24

VERDICT FORMS

Verdict forms have been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date each, and, when all verdict forms are complete, advise the bailiff that you are ready to return to the courtroom.

INSTRUCTION NO. 25

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the Court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.