THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:22-cr-00233-JCC-1 |
| Plaintiff, | ORDER |
| v. | |
| SHANA GAVIOLA, | |
| Defendants. | |

This matter comes before the Court on Defendant Shana Gaviola's Rule 33 motion for a new trial or, alternatively, Rule 12(b)(3) motion to dismiss (Dkt. No. 294). Having thoroughly considered the briefing and record, the Court DENIES the motion (Dkt. No. 193).

On December 9, 2025, following a jury trial, Defendant was convicted of Interstate Violation of a Protection Order, as provided in 18 U.S.C. § 2262(a)(2). (Dkt. No. 254.) She moves months later for dismissal and/or a new trial,[1] arguing that *Mirabelli v. Bonta*, 146 S. Ct. 797 (2026), fundamentally shifted governing law, such that exceptional relief is now warranted. (*See generally* Dkt. No. 264.)

---

[1] Rule 33 directs the Court to grant a new trial "if the interest of justice so requires" and the motion seeking this relief, if not based on the discovery of new evidence, is made "within 14 days after the verdict." Fed. R. Civ. P. 33. While Rule 12(b)(3) allows for a variety of relief based on legal defects in the underlying charge(s). Fed. R. Civ. P. 12(b)(3). Such motions generally must be made before trial, although exceptions are permitted for "good cause." Fed. R. Civ. P. 12(c)(3).

ORDER
CR22-0233-JCC
PAGE - 1

At issue is *Mirabelli's* import as to the pre-trial rulings denying Ms. Gaviola's motion to dismiss, (Dkt. No. 166 at 9–16), and granting the Government's motions *in limine*, (Dkt. No. 165 at 19–23). But even in light of *Mirabelli*, 18 U.S.C. § 2262 remains good law (as applied here). The statute does not, as Ms. Gaviola argues, deprive her of due process or free exercise rights. Nor would it support the presentation to the jury of a justification or necessity defense. Thus, there is no merit to the arguments raised here. And for this reason, the Court need not consider the timeliness of the instant motion (and whether it presents a procedural bar, as the Government argues).

Accordingly, Ms. Gaviola's motion (Dkt. No. 264) is DENIED.

It is so ORDERED this 24th day of March 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR22-0233-JCC
PAGE - 2